87 F.Supp.2d 348 (1999)
VERMONT MOBILE HOME OWNERS' ASSOCIATION, INC., Louise Beaudoin, Ronald D. Blow, Martha Bohannon, Charlton Brobyn, Francis Butler, Paula Dashno, Nancy Devarney, Walter Erno, Margaret Erno, John Hutman, Ruth Hutman, Rick Kelley, Brenda Kelley, Stanley Kubas, Roger Ladieu, Connie Ladieu, Deborah Lawrence, Cleon J. Ledoux, Patricia Ledoux, Emile Limoge, Jr., Kevin Machia, Melissa Machia, Judy Matot, Mike McGovern, Melanie McGovern, Maurice Meunier, Armande Meunier, George Muehl, Sherry Muehl, Kevin Nolan, Howard Parish, Joan Parish, Tamara Richard, Scott Richard, Donald Ritchie, Kelley Ritchie, Roseline Rushlow, Arthur Rushlow, Scott Stevens, Annette Stevens, Kevin Young, Pamela Young, Kerry Newton, Raymond Limoges, Lucille Limoges, Patrick Allain, Paul Cota, Marilyn Demar, Susan Kennett, Frank Mosher, and Heidi Mosher, individually and on behalf of all other persons similarly situated, Plaintiffs,
Mark Mercure, Intervenor-Plaintiff,
v.
Nicole LAPIERRE, Andre Lapierre, Lapierre Enterprises, Inc., Brault's Mobile Home, Inc., Latham Trailer Sales, Inc., and Peoples Trust Co. of St. Albans, Defendants.
No. 2:97-CV-209.
United States District Court, D. Vermont.
August 17, 1999.
Stephen S. Norman, Vermont Legal Aid, Inc., Burlington, VT, Peter Francis Welch, Welch, Graham & Manby, White River Jct, VT, John Davis Shullenberger, Jericho, VT, for VT Mobile Home Owners' Association, Inc., Louise Beaudoin, Stanley Kubas, Maurice Meunier, Armande Meunier, Scott Stevens, Annette Stevens, Charlton Brobyn, Ronald D. Blow, Francis Butler, Paula Dashnow, Nancy Devarney, Walter Erno, Margaret Erno, John Hutman, Ruth Hutman, Rick Kelley, Brenda Kelley, Deborah Lawrence, Emile Limoge, Jr., Judy Matot, Mike McGovern, Melanie McGovern, George Muehl, Sherry Muehl, Kevin Nolan, Howard Parish, Joan Parish, Tamara Richard, Scott Richard, Donald Ritchie, Kelley Ritchie, Roseline Rushlow, Arthur Rushlow, Kerry Newton, Raymond Limoges, Lucille Limoges, Martha Bohannon, Roger Ladieu, Connie Ladieu, Cleon J. Ledoux, Patricia Ledoux, Kevin Macia, Melissa Macia, Kevin Young, Pamela Young.
*350 Stephen S. Norman, Vermont Legal Aid, Inc., Burlington, VT, for Patrick Allain, Paul Cota, Marilyn Demar, Susan Kennett.
Mark A. Schneider, Plattsburgh, NY, for Mark Mercure.
Edwin L. Hobson, Jr., Burlington, VT, for Nicole Lapierre, Andre Lapierre, Lapierre Enterprises, Inc.
Arthur P. Anderson, Saxer, Anderson, Wolinsky & Sunshine, Burlington, VT, David M. Sunshine, Saxer, Anderson, Wolinsky & Sunshine, Richmond, VT, for Latham Trailer Sales, Inc.
Robert B. Hemley, Gravel and Shea, Burlington, VT, for Peoples Trust Company of St. Albans.

MEMORANDUM AND ORDER
SESSIONS, District Judge.
In this private antitrust action asserting violations of the Sherman Antitrust Act, the Vermont Mobile Home Park Act and the Vermont Consumer Fraud Act, Defendant People's Trust Company of St. Albans ("People's Trust") has renewed its motion for summary judgment on statute of limitations grounds. For the reasons that follow, the motion (paper 171) is denied.
On April 14, 1999, this Court allowed the plaintiffs to amend their complaint to specify whether they alleged an ongoing conspiracy on the part of People's Trust. The plaintiffs' third amended complaint claims that People's Trust engaged in a continuing conspiracy in restraint of trade. In support of the claim the plaintiffs allege that People's Trust financed the development of Town and County Estates mobile home park, owned by defendants Nicole and Andre Lapierre and Lapierre Enterprises, Inc. ("Lapierre"). In a letter dated April 25, 1991, People's Trust, as a condition of a loan, required Lapierre to verify that cooperating mobile home dealers would pay Lapierre $15,000.00 for each home sold that would be sited in their park. The letter also required, as a condition of the loan, that Lapierre pay People's Trust $10,000.00 against the principal of the loan for each mobile home sold in Town and Country Estates. Lapierre accepted those terms.
The third amended complaint also alleges that People's Trust extended further credit to Lapierre in June 1993 and May 1994, and from 1991 to the present has received payments against interest and principal on the loans, derived in part from proceeds of the illegal sales. It asserts People's Trust has never withdrawn from or altered its original agreement.
People's Trust claims that the 1991 loan agreement was rewritten in 1993, and the terms in question deleted. The 1993 commitment letter and promissory note contain no terms requiring Lapierre to collect or remit dealer payments or rebates, and People's Trust avers that no such terms were understood or implied. The 1994 loan documents have not been made part of the record.
According to People's Trust's records, Lapierre obtained a $500,000.00 construction loan at twelve percent interest in December 1991. This loan was refinanced in December 1992 at ten percent interest and again refinanced in May 1994. In June 1993, Lapierre obtained another loan from People's Trust for $350,000.00 at ten percent interest. The second loan was also refinanced in May 1994. The two loans were apparently combined in May 1994 for a total of $783,000.00 borrowed at nine percent interest. As of June 8, 1998, the principal balance remaining was $658,620.33, and the monthly payments of principal and interest on the combined loans were $7,947.00.
A four year statute of limitations applies to private antitrust actions. 15 U.S.C. § 15b. The limitations period begins to run when a cause of action accrues, ordinarily when a defendant commits an act that injures a plaintiff. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 338, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). In the context of a continuing conspiracy to violate the antitrust laws, a *351 cause of action accrues to a plaintiff each time he or she is injured by an act of the defendants. Id.
The plaintiffs in this case were injured when they allegedly were required to pay site premiums. People's Trust does not claim that the plaintiffs' injuries were sustained outside the applicable statute of limitations, but that People's Trust did not engage in any conspiratorial conduct within the period.
In order for People's Trust to be held liable, the plaintiffs must be able to present evidence that would justify a finding that the agreement that People's Trust entered into with Lapierre continued into the period not barred by limitation. See United States v. Borelli, 336 F.2d 376, 385 (2d Cir.1964). The plaintiffs have presented evidence from which a fact finder could conclude that People's Trust continued to benefit from its original agreement with Lapierre well into the statute of limitations period in the form of payments of principal and interest on its loans, derived in part from tied-in mobile home sales. That evidence of continued benefit may persuade a factfinder that People's Trust continued to be involved in the alleged conspiracy.
People's Trust also asserts that the undisputed facts show that "the original agreement between People's Trust and the Lapierres was called off by People's Trust" (paper 172 at 3). Affirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach co-conspirators will establish withdrawal from or abandonment of a conspiracy. United States v. United States Gypsum Co., 438 U.S. 422, 464-65, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978). The record evidence does not however undisputedly show that the 1991 agreement was "called off" by any subsequent documents provided to the Court. The documents submitted by People's Trust indicate that the offending loan term was simply not mentioned again. The evidence is not beyond dispute that People's Trust abandoned or withdrew from a conspiracy.
Defendant People's Trust's renewed motion for summary judgment on statute of limitations grounds (paper 171) is denied.